# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ALMER HARGRAVE,
Individually and on behalf of all
Others similarly situated,

    Plaintiff,

vs.

FIA LIQUIDATION COMPANY,
INC., a Florida corporation,

    Defendant.
_____/

Case No.: 8:21-cv-944

**NOTICE OF REMOVAL**

**PUTATIVE CLASS ACTION**

## NOTICE OF REMOVAL OF CIVIL ACTION

**PLEASE TAKE NOTICE** that Defendant, FIA Liquidation Company, Inc. ("FIA"), through undersigned counsel and pursuant to 28 U.S.C. § 1331, 1441(a), and 1446, hereby files this notice of removal in the above-captioned action, currently pending in the in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida. For the reasons set forth below, this Court has subject matter jurisdiction.

## BACKGROUND

1. On or about March 4, 2021, Plaintiff, Almer Hargrave ("Plaintiff"), filed a complaint styled as *Almer Hargrave v. FIA Liquidation Company, Inc. d/b/a Fiorella Insurance Agency, Inc.,* No. 2021-CA-000593, in the Circuit

Court of the Sixth Judicial Circuit in and for Pasco County, Florida (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. Plaintiff served FIA with a copy of the Summons and the putative class action complaint ("Complaint") on March 22, 2021. A true and correct copy of the Service of Process is attached hereto as **Exhibit B**.

3. True and correct copies of all process, pleadings, and orders in the State Court Action and not previously referenced are attached hereto as **Exhibit C**. A true and correct copy of the docket sheet in the State Court Action is attached hereto as **Exhibit D**.

4. Plaintiff, an alleged Florida resident, filed the State Court Action under the federal Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") on behalf of himself and other "similarly situated persons" (Compl. ¶ 30) who allegedly: (a) within the four years prior to the filing of this Complaint, (b) were sent a prerecorded message from Defendant or anyone on Defendant's behalf, (c) to said person's cellular telephone number, (d) for the purpose of promoting and/or advertising Defendant's goods and/or services. (Compl. ¶ 30.)

5. This Notice of Removal is timely filed in accordance with 28 U.S.C. §1446, as it is filed within thirty (30) days after Plaintiff's service of the Complaint upon FIA.

6.      Nothing in this Notice of Removal shall constitute a waiver of Defendant's right to assert any defense, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.

## VENUE

7.      Venue is proper under 28 U.S.C. § 1441(a) because this Court, the United States District Court for the Middle District of Florida, Tampa Division, is the district and division embracing Pasco County, Florida, the location where the State Court Action was filed.  *See* Middle District of Florida Local Rule 1.04(a).

## JURISDICTION

8.      This Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, 1441(a), and 1446, as set forth more fully below because this Court has original jurisdiction over all claims and actions arising under the "Constitution, laws or treaties of the United States," and the TCPA is a federal statute.  Thus, removal is proper. *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) ("This action was removed to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, because the Complaint alleges a violation of the TCPA…. It is established that federal courts have subject matter jurisdiction over TCPA claims.") (citation omitted).

9.      Plaintiff's Complaint is, on its face, brought pursuant to a federal

statute, and references federal regulations, alleged federal common law, and alleged federal administrative rulings.

10. Federal-question jurisdiction is governed by the "well-pleaded complaint rule," and federal jurisdiction exists when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). And "the Court must look at the plaintiff's complaint at the time of removal." *Lee Memorial Health System v. Blue Cross and Blue Shield of Florida, Inc.*, No. 216-CV-901-FtM-38MRM, 2017 WL 9360891,*7-8 (M.D. Fla. February 22, 2017); *Krasny v. Waser*, 147 F.Supp.2d 1300 (M.D. Fla. 2001).

11. Plaintiff's Complaint attempts to allege one cause of action captioned "VIOLATION OF 47 U.S.C. §227(b)" and another cause of action captioned "Violations of 47 U.S.C. §227," based on Plaintiff's alleged receipt of a prerecorded and unsolicited phone call in violation of the TCPA. He also alleges a violation of federal regulation 47 C.F.R. §64.1200(c) (Compl. ¶ 55), and expressly relies on 47 U.S.C. §227(c) (Compl. ¶ 54).

12. The TCPA, a federal statute, thus creates Plaintiff's alleged claims. A suit arises under the law that creates the cause of action. *Mims v. Arrow Financial Services, LLC,* 565 U.S. 368, 377 (2012).

13. As a result, Plaintiff's TCPA claims arise under the laws of the

4

United States within the meaning of 28 U.S.C. §1331 and this Court has original jurisdiction pursuant to 28 U.S.C. §1331. *Mims,* 565 U.S. at 372.

14. Removal of this TCPA putative class action is proper, and this Court has jurisdiction pursuant to 28 U.S.C. §1441(a). *Mims*, 565 U.S. at 386; *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1315–16 (S.D. Fla. 2012) (citing *Mims*).

## FIA HAS SATISFIED PROCEDURAL REQUIREMENTS FOR REMOVAL

14. Pursuant to 28 U.S.C. § 1441(a), the present action may be removed "to the district court of the United States for the district and division embracing the place where such action is pending." This Court is in the District embracing the 6th Judicial Circuit in and for Pasco County. That fact is judicially noticeable. Fed. R. Evid. 201.[1]

15. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06, a notice of removal shall contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Those materials are attached as

---

[1] "The court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

5

**Exhibits A, B, C, and D**.

16. Pursuant to 28 U.S.C. §1446(d), FIA will serve written notice of this removal on Plaintiff and will concurrently file a copy of this Notice of Removal with the Clerk of Court of the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, in the State Court Action.

17. FIA has satisfied the requirements for removal of this action under 28 U.S.C. §1446 and all other applicable statutes and rules referenced herein.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons, this Court has, and FIA respectfully requests this Court to assume, full jurisdiction over the case, action, and all causes and defenses herein, as provided by law.

Dated: April 21, 2021          Respectfully Submitted,

STUMPHAUZER FOSLID SLOMAN
ROSS & KOLAYA, PLLC
Two South Biscayne Boulevard,
Suite 1600
Miami, FL  33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

By: /s/ *Ian M. Ross*
IAN M. ROSS
Florida Bar No. 091214
iross@sfslaw.com
docketing@sfslaw.com
***Attorney for Defendant***
***FIA Liquidation Company, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of April, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Plaintiff's counsel via e-mail.

/s/ *Ian M. Ross*
IAN M. ROSS

## SERVICE LIST

**IJH LAW**
Ignacio J. Hiraldo, Esq.
ijhiraldo@ijhlaw.com
1200 Brickell Avenue
Suite 1950
Miami, Florida 33131
(786) 496-4469

**EDWARDS POTTINGER LLC**
Seth M. Lehrman, Esq.
seth@epllc.com
425 North Andrews Avenue
Suite 2
Fort Lauderdale, FL 33301
(954) 524-2820

*Counsel for Plaintiff*